The opinion of the court' was delivered by
Nicholls, O. J.
Plaintiff alleging that he was engaged in the city of New Orleans in the business of the manufacture of stationery, blank books, books, book binding and the like, and employed in his manufactory a force of not less than five hands; that under the Constitution he was, as such manufacturer, exempt from property tax upon the capital, machinery and all other property employed by him in his business; that despite the fact of such exemption the city of *1399 New Orleans, through its Board of Assessors, had assessed and was,, through its treasurer and ex-officio tax collector, attempting to collect a property tax of the sum of $53.35, interest and costs included,, for the year 1892 upon the property employed by him in his said business, and that the city of New Orleans, through a deputy tax collector, unknown to him, had actually entered upon his business premises and attempted to seize and take charge of the said property, and had given him a notice that it would after a certain delay advertise and sell the property to pay said tax (which notice he annexed and made it part of his petition), obtained an injunction directed to the city of New Orleans and its treasurer, ex-officio tax collector, restraining and prohibiting them from collecting said tax. He prayed that the said parties be cited to appear and answer his. demand; that after due proceedings there be judgment declaring the said assessment of said tax and said tax to be unconstitutional, null, v oid and of no effect, and that the injunction taken out be perpetuated.
The city answered by denying generally all the allegations of the-petition and by specially denying that plaintiff was exempt from the payment of personal taxes under Arts. 206 and 207 of the Constitution. It averred that the business of plaintiff was not such as contemplated by the constitutional exemption, but on the contrary was such as was required to pay both personal and license tax.
On trial judgment was rendered in favor of the plaintiff, decreeing the assessment of 1892 on machinery employed in plaintiff’s business, to be null and void and of no effect, and ordering that the same be canceled and erased.
The city moved for a new trial on the grounds—
1. “ That the judgment is contrary to the law and the evidence.”
2. “That Articles 206 and 207 of the Constitution can not be so. construed to apply to the business of a bookbinder, which is simply the putting of merchantable material together in such a shape as to-meet the ordinary wants of trade; that the books prepared for sale by plaintiff are not manufactured from the raw material, nor from any article manufactured or prepared by the plaintiff.”
3. “That under no construction of the law can the exemption from a license tax be applied to plaintiff’s case, and to that extent the judgment was unquestionably erroneous and illegal.”
*1400 A new trial having been refused by the court the city of New ■Orleans appealed.
The judge of the Oity Oourt committed two errors in this case. The assessment against the plaintiff’s property, as shown by the notice annexed t%> plaintiff’s petition, was only upon merchandise, or stock in trade. The issue raised by the pleadings and evidence was whether this merchandise was part of “ the capital, machinery and ■other property employed in the manufacture of stationery,” and as such exempt from taxation under Artic'e 207 of the Constitution. The city judge failed to pass upon the actual issue and decided one which was not before him at all. No assessment seems to have been made of the plaintiff’s machinery, and yet the only judgment rendered was one decreeing the assessment upon the machines to be null and void and of no effect, and directing its cancellation. The plaintiff neither appealed nor made a motion for an amendment of the judgment. There being no assessment of machinery upon which the judgment can be made to operate, it must be reversed.
For the reasons herein assigned, it is ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and the case is remanded to the lower court for further proceedings according to law.